UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles King,

    Plaintiff,

Case No. 09-13761

Honorable Nancy G. Edmunds

v.

Pennsylvania Life Insurance Company,

    Defendant.
_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 16, 2013 ORDER [54]

Before the Court is Defendant Pennsylvania Life Insurance Company's objection to the magistrate judge's January 16, 2013 order.  (Dkt. 54.)

On November 26, 2012, Defendant filed a motion to overrule Plaintiff's objection to Defendant's proposed expert, Seemant Chaturvedi, M.D.  (Dkt. 43.)  The Court referred the motion to the magistrate judge for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Dkt. 44.)  On January 16, 2013, the magistrate judge held a hearing on the matter and ruled from the bench, denying Defendant's motion to overrule Plaintiff's objection and prohibiting Defendant from retaining Dr. Chaturvedi.  (Dkt. 52.)

A district judge reviews a magistrate judge's order on a non-dispositive matter under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A).  A decision is "clearly erroneous" when, "though there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *Smith v. Wayne County*, 10-14257, 2012 WL 6061782, at *1 (E.D.Mich. Dec.

6, 2012) (Edmunds, J.) (citation omitted). "Where there are two plausible views, a decision cannot be 'clearly erroneous.'" *Id.* (citation omitted).

Defendant asserts three objections to the magistrate judge's order. Defendant argues that the court erred by considering Plaintiff's response when it was filed thirty-two days late; that the court erred when Plaintiff did not meet the minimum requirements to disqualify an expert; and that the court erred because public policy requires the court to permit Dr. Chaturvedi to testify. (Def.'s Objections at iii.)

The Court has thoroughly reviewed the hearing and the reasoning behind the magistrate judge's determination, as well as the parties' pleadings and Defendant's objections. At the hearing, the magistrate judge addressed Defendant's timeliness objection as well as Defendant's objection that Plaintiff did not meet the requirements to disqualify an expert–that Plaintiff's counsel and Dr. Chaturvedi had no conversations of substance about this case. During the hearing, the magistrate judge elicited the information that Plaintiff's counsel spoke with Dr. Chaturvedi about the proximate cause of Plaintiff's injuries, the central issue now in this case, during a forty-five minute conversation, as well as other work product issues. Given this elicitation, the magistrate judge found that Defendant should be precluded from using Dr. Chaturvedi at trial. While Dr. Chaturvedi did submit an affidavit that he did not remember a conversation with Plaintiff's counsel, the magistrate judge found that Plaintiff's counsel's representations at the hearing were compelling.

The Court finds that the magistrate judge's order is not clearly erroneous. The Court has reviewed all of Defendant's objections and does not find that they require reversal. The Court therefore OVERRULES Defendant's objection.

SO ORDERED.

                                 s/Nancy G. Edmunds
                                 Nancy G. Edmunds
                                 United States District Judge

Dated: February 25, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2013, by electronic and/or ordinary mail.

                                 s/Carol A. Hemeyer
                                 Case Manager